Peter A. Sandberg
INGALDSON FITZGERALD, P.C.
813 W. 3rd Ave.
Anchorage, Alaska 99501
Phone: (907) 258-8750
Fax: (907) 258-8751
peter@impc-law.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CHRISTENE DUNLAP,<br><br>Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPEDICS, Inc,<br>JOHNSON & JOHNSON SERVICES;<br>JOHNSON & JOHNSON, Inc<br><br>Defendants. | Case No. 3:20-cv-00162-SLG_________ |

## COMPLAINT AND JURY DEMAND

Comes now plaintiff, Christene Dunlap, by and through her counsel of record, Ingaldson Fitzgerald, P.C., and asserts as follows:

## PARTIES

1. Plaintiff, Christene Dunlap, is, and at all relevant times to this claim was a resident of the Third Judicial District in Alaska.

2. Defendant, DePuy Orthopedics, Inc. (hereinafter collectively "Defendants") is an Indiana Corporation, with their principal place of business at 700 Orthopedic Drive, Warsaw, Indiana 46581, and at all times material hereto, developed,

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Defective Products either directly or indirectly, to members of the general public within the State of Alaska, including to plaintiff.

3. Defendant, Johnson & Johnson, Inc (hereinafter collectively "Defendants") is a New Jersey Corporation, with their principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey. At all times material hereto, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Defective Products either directly or indirectly, to members of the general public within the State of Alaska, including to plaintiff.

4. Defendant, Johnson & Johnson Services, Inc (hereinafter collectively "Defendants") is a New Jersey Corporation, with their principal place of business at One Johnson & Johnson Plaza, New Brunswick, New Jersey. At all times material hereto, developed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, marketed, supplied, and/or sold the Defective Products either directly or indirectly, to members of the general public within the State of Alaska, including to plaintiff.

**JURISDICTION AND VENUE**

5. This Court has Diversity Jurisdiction, in that, at present and at all material times relevant to this action, Defendants DePuy, Inc, an Indiana Corporation, Johnson & Johnson, Inc , a New Jersey Corporation and Johnson & Johnson Services, Inc, a New Jersey Corporation have substantial, continuous, and systematic contacts in the State of

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Alaska and/or committed a tort in whole or in part in the State of Alaska against plaintiff Christene Dunlap, who is an Alaska Resident.

6. This court has subject matter jurisdiction because the Defendants do business in the State of Alaska, and the harm caused by the Defendants to Plaintiff occurred in the State of Alaska.

7. Venue is proper because the claims at issue in this case occurred in the State of Alaska.

**FACTUAL ALLEGATIONS**

8. This product liability action relates to the design, development, manufacture, testing, marketing, promotion, distribution and sale of DePuy's Pinnacle Hip Implant Devices which are listed in Paragraph 15 of the Complaint. At all times relevant to this Complaint, Defendants regularly engaged in business in the State of Alaska.

9. Defendants placed the defective products, which are listed in Paragraph 15 of the Complaint into the stream of interstate commerce.

10. At all relevant times, Defendants expected or should have expected that its acts and omissions would have consequences within the United States, and the State of Alaska.

11. Plaintiff's damages in this matter accrued in the State of Alaska.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

**THE DEFECTIVE DEVICES**

12. Total hip arthroplasty, commonly referred to as hip replacement surgery, is the term used to describe the surgery wherein a patient's natural hip anatomy is replaced with inorganic components.

13. At all times material hereto, the Defendants developed, designed, tested, assembled, manufactured, packaged, labeled, prepared, distributed, promoted, marketed, supplied, sold and/or warranted the defective devices listed in Paragraph 15 of the Complaint either directly or indirectly, to members of the general public throughout the United States and the State of Alaska, including to Plaintiff.

14. The defective design and manufacture of the defective devices listed in Paragraph 15 of the Complaint allow fretting and corrosion to occur at the metal on metal junction between the DePuy cobalt-chromium Articul/Eze femoral head and the DePuy Ultamet cobalt-chromium metal liner. This problem with metal on metal component total hip replacements has been known to Defendants and within the industry since at least the mid-1990s. The fretting and corrosion allow metal ions, including cobalt and chromium, to be released into the surrounding tissues. The fretting and corrosion and release of ions also manifest in increased cobalt and chromium blood levels of the patient. These cobalt and chromium ions destroy surrounding tissue and bone often causing pseudo tumors and a condition called metallosis.

15. Prior to March 19, 2002, Defendants manufactured the following components:

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

a. A DePuy Articul/Eze femoral head 36 mm, reference Number 1365-52-00026000011, lot number WC3J01012;

b. A 180mm Replica stem, reference number 1530-42-000, lot number TE7BK1889;

c. An Apex hole eliminator porous-coated acetabular shell, reference number 1246-03-111, lot number WFSAB1000;

d. A 36 MM Ultamet Metal Acetabular Liner, reference number 121887352, lot number YGP-25;

These components, hereinafter referred to as "Defective Products" were surgically implanted in Christene Dunlap's left hip by Dr. Michael Newman on March 3, 2002 at Alaska Regional Hospital in Anchorage, Alaska.

16. Following her surgery, Christene Dunlap followed her physician's orders, and for her follow up care. She began having significant pain in her left hip and followed up with Dr. Stephen Tower for that pain.

17. On March 3, 2019, Christene Dunlap was seen in an appointment with Dr. Stephen Tower. She complained of pain, stiffness, instability and weakness in her left hip. In addition, cognitive difficulties and other symptoms often associated with metallosis were noted, and she had elevated cobalt and chromium levels in her blood and urine tests. Dr. Tower recommended a left hip revision of her metal on metal cobalt-chromium head and acetabular liner.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

18. On March 21, 2019, Christene Dunlap underwent an extensive revision surgery for her left hip, at Alaska Regional Hospital in Anchorage, Alaska. Her surgeon, Dr Stephen Tower found evidence of metallosis, including that her anterior capsule was thickened, and that her abductor tendons were significantly damaged, and required extensive repair. He replaced the cobalt-chromium acetabular liner with a polyethylene liner, and the cobalt-chromium femoral head was replaced with a 36 MM Delta ceramic head. Additional findings during her revision surgery included Adverse Reaction to Metal Debris (ARMD), pseudo tumors and non-union of the trochanteric osteotomy with proximal migration.

19. Following her revision surgery, Christene Dunlap followed her surgeon's orders and returned to her home for recovery. Seven weeks after her surgery, on May 11, 2019, she suffered a posterior dislocation of her left hip. She was taken to the hospital in Cordova, Alaska to have her dislocation reduced. Her left hip dislocated two more times and she travelled to Anchorage to be seen by Dr. Stephen Tower.

20. On May 23, 2019, Christene Dunlap underwent another left hip surgery to further stabilize her damaged tendons in her left hip. She underwent this surgery at Alaska Regional Medical Center in Anchorage, Alaska. Dr. Stephen Tower placed a constrained liner to further protect her left hip from dislocations.

21. At all material times, Defendants failed to disclose to the FDA, healthcare professionals, consumers, or Plaintiff, the information it possessed concerning the frettering and corrosion inherent in its modular hip systems and the actual adverse medical

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

events, injuries and need for replacement surgery suffered by patients. Instead, Defendants actively promoted the "Defective Products" for patients without accurately informing them of the dangers of Cobalt/Chromium metallosis.

22. At all material times, the Defective Products manufactured and/or supplied by Defendants, were unaccompanied by proper warnings regarding possible adverse consequences and the alarming rate of failure of the aforesaid product and the need for replacement surgery.

23. As a direct and proximate result of Defendants placing the Defective Products into the stream of commerce, Plaintiff Christene Dunlap has suffered and continues to suffer both injuries and damages in the State of Alaska, including but not limited to: past, present, and future physical and mental pain and suffering; and past, present and future medical, hospital, monitoring, and rehabilitative expenses.

## CAUSES OF ACTION

### COUNT I
### (STRICT PRODUCT LIABILITY)

24. Plaintiff incorporates by reference, the prior allegations in this Complaint, as if fully set forth herein.

25. At all times material hereto, Defendants engaged in the business of developing, testing, assembling, manufacturing, packaging, labeling, preparing, distributing, marketing, retailing, supplying and/or selling the Defective Products and through that conduct placed the Defective Products into the stream of commerce in the State of Alaska.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

26. The Defective Products were defectively designed and/or manufactured so as to be unreasonably dangerous to consumers.

27. The Defective Products failed to operate in a manner that a reasonable consumer, patient or doctor would expect.

28. The Defective Products failed to operate in a manner as intended by Defendants.

29. The Defective Products were intended for use in hip replacement procedures for consumers. Christene Dunlap became a consumer and relied upon the safety of Defendant's product.

30. Defendants failed to warn the public, including Christene Dunlap, of the risk of suffering the type and manner of injuries suffered by Christene Dunlap, which risks and/or dangers were known or should have been known to Defendants.

31. Defendants expected its Defective Products to reach, and it did in fact reach, consumers in the State of Alaska, including Christene Dunlap, without substantial change in its condition.

32. Defendants knew and intended that its Defective Products would be purchased from Defendants by members of the general public and would be used by such purchasers without any inspection for defects.

33. As a direct and proximate result of the defective and unreasonably dangerous condition of the Defective Products, Christene Dunlap sustained injuries and damages which will be proven with more specificity at trial.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

**COUNT II**
**(BREACH OF EXPRESS AND IMPLIED WARRANTIES)**

34. Plaintiff incorporates by reference, the prior allegations in this Complaint, as if fully set forth herein.

35. At the time and place of the sale, distribution and supply of the Defective Products to Plaintiff, Defendants expressly represented and warranted that its product was safe, and impliedly warranted that the product was reasonably fit for its intended purpose and was of marketable quality.

36. Defendants' Defective Products were unfit and unsafe for use by users as it posed an unreasonable and extreme risk of injury to persons using said product, and accordingly Defendant breached both express and implied warranties.

37. As a direct and proximate result of Defendants' breach of warranty, Christene Dunlap sustained injuries and damages which will be proven with more specificity at trial.

**COUNT III**
**(NEGLIGENCE)**

38. Plaintiff incorporates by reference, the prior allegations in this Complaint, as if fully set forth herein.

39. Defendants were under a duty to use reasonable care in the design, manufacture, and the provision of warnings accompanying the Defective Products.

40. Defendants were under a duty of care in the distribution and sale of its Defective Products so that they would be reasonably safe for their intended use.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska 99501-2001
(907) 258-8750
FAX: (907) 258-8751

41. Defendants breached this duty by, among other things:

a. Failing to exercise care in designing, developing, manufacturing, retailing, distributing and selling its Defective Products so as to avoid the above risks to individuals using the product;

b. Failing to include adequate warnings with its Defective Products which would alert Plaintiff and other consumers to its potential risks and serious side effects;

c. Failing to adequately and properly test its Defective Products before placing them into the stream of commerce;

d. Failing to conduct sufficient testing on its Defective Products, which if properly performed, would have shown that the products had serious side effects, including, but not limited to, loosening and causing pain and discomfort in the hip;

e. Failing to provide adequate post-marketing warnings or instructions after Defendants knew, or should have known, of the significant risks of injuries and events from the use of the Defective Products.

42. As a direct and proximate result of Defendants' negligence, Christene Dunlap sustained injuries and damages which will be proven with more specificity at trial.

**COUNT IV**
**(MISREPRESENTATION)**

43. Plaintiff incorporates by reference, the prior allegations in this Complaint, as if fully set forth herein.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

44. At all relevant times, Defendants represented to Plaintiff and/or her physicians directly and/or through their agents, servants and representatives, that the Defective Products were fit for intended uses and would otherwise benefit users.

45. Defendants made such representations, knowing they were false and that Plaintiff would rely upon same.

46. Christene Dunlap and/or her physicians did, in fact, rely upon Defendants' representation to her detriment.

47. Christene Dunlap and/or her physicians' reliance upon such statements was reasonable.

48. As a direct and proximate result of Defendants' misrepresentations, Christene Dunlap suffered injuries and damages which will be proven with more specificity at trial.

**COUNT V**
**(PUNITIVE DAMAGES)**

49. Plaintiff incorporates by reference, the prior allegations in this Complaint, as if fully set forth herein.

50. Prior to the manufacturing, sale and distribution of the Defective Products, Defendants knew, or were reckless in not knowing, that the products were in a defective condition and that those who were implanted with such devices were at an unreasonable risk of experiencing injury. Defendants, through their officers, directors and managing agents, had notice and knowledge from several sources, prior to the date of marketing and sale of the Defective Products to Christene Dunlap, that the products presented a

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

substantial and unreasonable risk of harm to the consumer, including Christene Dunlap, and as such said consumers were unreasonably subjected to risk of injury from the use of those products.

51. Despite such knowledge, Defendants through its officers, directors and managing agents, knowingly and deliberately failed to remedy the known defects in its product and failed to warn the public, including Christene Dunlap, of the serious risk of injury occasioned by the defects inherent in the Defective Products.

52. Upon information and belief, Defendants, Inc's failure to notify the public, including Christene Dunlap was for the purpose of increasing sales and enhancing their profits and Defendants intentionally proceeded with manufacturing, selling and marketing of the Defective Products knowing that persons would be exposed to serious potential danger, in order to advance their own pecuniary interests.

53. The actions of Defendants as noted herein were outrageous and demonstrated reckless indifference to the welfare of the intended users of the Defective Products, and was done so as to profit its own self-interests and as such warrant exemplary damages.

**JURY DEMAND**

Plaintiff demands a trial by jury in this case.

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

WHEREFORE, Plaintiff prays for the following relief:

1. For a judgment of compensatory damages, including both special and non-economic damages against Defendants and in favor of plaintiff, and in an amount in excess of $250,000, the exact amount to be proven at trial;

2. For Exemplary Damages, prejudgment interest, punitive damages, costs and attorney's fees; and

3. For such other and further relief as this court deems just and equitable.

RESPECTFULLY SUBMITTED this 6th day of July, 2020.

INGALDSON FITZGERALD, P.C.
Attorneys for Plaintiff

By: /s/
Peter Sandberg
ABA No. 0611084

W:\6242.004 Dunlap\Pleadings\Complaint.docx

**INGALDSON FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska 99501-2001
(907) 258-8750
FAX: (907) 258-8751